*In re* JOHNNY ELÍAS RIVERA.

*Número:* CE-86-841 *Resuelto:* 21 de noviembre de 1988

*Harry Anduze Montaño*, abogado del peticionario.

PER CURIAM: En virtud de la facultad que nos con-
cede la Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A.

sec. 735),(1) mediante opinión *per curiam* y sentencia de fecha 30 de diciembre de 1986 procedimos a decretar la separación inmediata del abogado Johnny Elías Rivera del ejercicio de la abogacía y notaría en Puerto Rico. Tomamos dicha acción a base de una querella que ante este Tribunal radicara el Procurador General de Puerto Rico, en la cual se nos informó que el referido abogado había sido sentenciado el día 22 de diciembre de 1986 por un delito grave ante el Tribunal de Distrito Federal para el Distrito de Puerto Rico, "delito cometido en conexión con la práctica de su profesión, con implicaciones de engaño y de conducta inmoral al apropiarse, disponer y transferir indebidamente, fondos y propiedad que no le pertenecían". Querella, pág. 1.

Mediante petición de reinstalación radicada por el referido querellado de fecha 19 de octubre de 1988 se nos informa que el Tribunal Federal de Apelaciones para el Primer Circuito, con sede en Boston, estado de Massachusetts, Estados Unidos de América, revocó la referida convicción mediante sentencia a esos efectos de fecha 6 de junio de 1988.(2)

---

(1) 4 L.P.R.A. sec. 735:

"*Desaforo o suspensión temporal—Engaño, conducta inmoral, convicción criminal*

"El abogado que fuere culpable de engaño, conducta inmoral (*malpractice*), delito grave (*felony*) o delito menos grave (*misdemeanor*), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuere, de ser abogado o de ser competente para la práctica de su profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados. Al ser revocada dicha sentencia, o mediante el perdón del Presidente de los Estados Unidos o del Gobernador de Puerto Rico, la Corte Suprema estará facultada para dejar sin efecto o modificar la orden de suspensión."

(2) A la referida petición se acompañó, como anejo de la misma, una copia de la sentencia de referencia.

██ Aun cuando la revocación de la convicción que causa el desaforo no significa ni implica la reinstalación automática a la práctica de la profesión, una lectura de los términos en que está concebida la sentencia revocatoria emitida por el referido tribunal federal de apelaciones nos convence de que procede declarar con lugar de inmediato la solicitud de reinstalación sin trámite ulterior alguno. A esos efectos resulta procedente enfatizar que en la mencionada sentencia revocatoria se expresa, entre otros señalamientos, que la prueba presentada por el Gobierno de Estados Unidos no demostró durante el juicio celebrado ni tan siquiera que el aquí peticionario Elías Rivera se hubiera apropiado de propiedad alguna perteneciente a otras personas y que el peticionario nunca debió haber sido acusado en relación con los hechos que dieron lugar a su convicción.

*Se dictará sentencia reinstalando al peticionario Johnny Elías Rivera al ejercicio de la abogacía en Puerto Rico, debiendo ser reintegrado su nombre al Registro de Abogados autorizados para ejercer la profesión de abogado en esta jurisdicción.*(3)

---

(3) Luego de realizados por el peticionario los trámites correspondientes y cumplido por éste los requisitos pertinentes, podrá ser autorizado a ejercer la notaría en Puerto Rico.